■ SARA J. GINSBERG, Respondent, v MARK GINSBERG, Appellant. — In a matrimonial action, defendant husband appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Nassau County (Christ, J.), dated March 18, 1982, as denied his motion to hold the plaintiff wife in contempt and granted her cross motion for counsel fees and expenses, and (2) a further order of the same court dated June 1, 1982, as granted plaintiff's cross motion for counsel fees. Orders affirmed, insofar as appealed from, with one bill of costs. The defendant husband moved to hold the plaintiff wife in contempt of court on account of her allegedly willful disobedience of prior court orders governing his visitation rights awarded under a judgment of separation. The wife cross-moved for counsel fees. After the court denied his application and granted her a $7,000 counsel fee and expenses, he sought reargument and a transcript of an *in camera* interview by the court of the parties' son, who was six years old at the time of the original application. The court denied reargument and awarded the wife a $1,000 counsel fee. The husband argues that the court erred in failing to hold the wife in contempt and in awarding her the $7,000 and $1,000 counsel fees. The evidence presented by the parties during the hearing of the husband's motion and the wife's cross motion for counsel fees supports the court's decision, whether or not the court's *in camera* interview of the parties' son is taken into account. As to the wife's alleged refusal to permit visitation on Father's Day in June, 1981, it is clear that the husband failed to carry his burden of proof. The visitation provision of an order of the Supreme Court, Nassau County (Murphy, J.), dated September 6, 1979, completely supplanted the visitation provision of the judgment of separation. Hence, whether or not Father's Day was deemed a "holiday" as that term was employed in the separation judgment, the fact is that the modification authorized a visitation schedule based exclusively on an alternating weekend basis. The interpretation of the modification is supported by Justice Murphy's decision. The record shows that the attorney for the wife raised no objections to the husband's visitation on that Father's Day only because of his mistaken impression, based on a miscalculation of calendar dates, that the weekend in question was to be the husband's under the modified visitation schedule. It is not disputed that the weekend was actually the wife's under that schedule. As to the wife's alleged interference with telephonic communication between the husband and their son, the record contains sufficient evidence supporting the wife's detailed denials of such interference. Furthermore, under the circumstances of this case, the court's award of a total of $8,000 in counsel fees was justified. Accordingly, the orders must be affirmed, insofar as appealed from. Titone, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.